UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **MARYLAND CASUALTY COMPANY,** ) | |
| ) | |
| Plaintiff,    ) | Case No. 3:11-cv-01188-SI |
| ) | |
| v.    ) | **OPINION AND ORDER** |
| ) | |
| **CAPITOL SPECIALTY INSURANCE**    ) | |
| **CORPORATION**,    ) | |
| ) | |
| Defendant.    ) | |
| _____) | |


George M. Shumsky and Jeff Lindberg, SHUMSKY & BACKMAN, 1001 S.W. Fifth Avenue, Suite 1100, Portland, OR 97204. Of Attorneys for Plaintiff.

Gregory L. Baird and Brian C. Hickman, GORDON & POLSCER, L.L.C., Suite 650, 9755 S.W. Barnes Road, Portland, OR 97225. Of Attorneys for Defendant.

**SIMON, District Judge.**

This is a discovery motion brought in a civil action. For the reasons stated below, Defendant's Motion to Compel (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**, and Defendant's request for attorney fees is **DENIED**.

## I.    BACKGROUND

This is an action for equitable contribution between insurers, arising out of an underlying construction defect claim brought against a common insured. The following allegations are taken from Plaintiff's Complaint. Plaintiff Maryland Casualty Company ("MCC") provided liability insurance to its insured A&T Siding, Inc. ("A&T") from May 7, 2000 through May 7, 2003. Defendant Capitol Specialty Insurance Corporation ("Capitol") provided liability insurance to A&T from January 12, 2004 through January 12, 2005. A&T is a siding contactor that performed siding construction work from 2000 through 2004 at Brownstone Forest Heights, a 140-unit condominium development project (the "Project"). The developer of the Project is Brownstone Forest Heights, LLC ("Developer"), and the general contractor is Brownstone Homes, LLC ("General Contractor").

In June 2006, Brownstone Homes Condominium Association ("Association") filed a lawsuit in Multnomah County Circuit Court (the "Underlying Action") against several defendants, including the Developer and the General Contractor. In November 2006, the defendants in the Underlying Action asserted third-party claims against various subcontractors, including A&T. A&T tendered the defense and indemnification of that third-party claim to its insurers, including MCC and Capitol. MCC accepted the tender and provided A&T with both defense and indemnification. Capitol initially accepted the tender and began to provide A&T with defense of the Underlying Action. In September 2007, however, Capitol issued a letter

OPINION AND ORDER, Page 2

denying coverage and denying any further defense obligation. On or about February 25, 2008, the Association and A&T entered into a settlement agreement of the Underlying Action, under which MCC paid $900,000 to the Association on behalf of A&T. In August 2011, MCC commenced this lawsuit for equitable contribution against Capitol in Multnomah County Circuit Court, and Capitol timely removed the action to this court. MCC and Capitol are in the discovery stage of this lawsuit, and Capitol has brought a Motion to Compel.

## II. DISCUSSION

In its Motion to Compel, Capitol seeks the following from MCC: (a) a privilege log; (b) responses to Capitol's Second Request for Production; (c) responses to Capitol's Requests for Admission, Nos. 1, 3, 21, 24, 27, and 33; (d) responses to Capitol's First Set of Interrogatories, Nos. 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 16, and 17; and (e) responses to Capitol's Second Set of Interrogatories. Capitol also seeks an award of its attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).

### A. Privilege Log

Under Fed. R. Civ. P. 26(b)(5), "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party *must*: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." (Emphasis added.) Capitol has requested from MCC a privilege log in accordance with this rule. As stated in MCC's response, "MCC does not dispute that it must provide a privilege log." Instead, MCC asserts that this issue "was never a matter on which the

parties conferred." Accordingly, "MCC requests that the court simply disregard this portion of Capitol's motion. LR7-1(a)(2); LR-37-1(b)." As evidentiary support, MCC cites the Declaration of Jeff Lindberg ("Lindberg Decl.").

The Court has reviewed the Lindberg Decl., which contains an email exchange among counsel. As shown in Exhibit A to the Lindberg Decl., on August 28, 2012, Capitol's counsel Brian Hickman sent an email to MCC's counsel Jeff Lindberg, stating, among other things: "We are in the process of reviewing the documents you recently produced, but I do not believe you produced a privilege log. If not, can you please do so promptly?" Mr. Lindberg responded on August 31, stating, among other things: "I appreciate the additional time to respond. I am finalizing the supplemental responses today and will get those out to you by Tuesday of next week." No privilege log has been provided, however, notwithstanding the passage of more than six weeks since August 28, 2012.

Capitol's Motion to Compel the production of a privilege log is GRANTED. MCC shall provide a privilege log to Capitol within 14 days of the date of this Order.

B.      Capitol's Second Request for Production

In Capitol's Second Request for Production, Capitol served 15 separately numbered requests, the first 13 of which ask for "[a]ny and all legal memoranda, pleadings and similar documents *you have filed* in any case discussing . . . under Oregon law" a variety of specific legal topics, issues, and questions relating to insurance coverage. (Emphasis added.) MCC objected on the grounds of relevance and that the requests are unduly broad and overly burdensome. MCC further objected to these requests on the basis of attorney-client privilege and work product doctrine. MCC's objections to requests for documents that have been filed in court

proceedings based on the attorney-client privilege and work product doctrine are frivolous. The Court also notes that MCC does not appear to rely on those grounds in in opposition to Capitol's Motion to Compel. Instead, MCC argues that its legal memoranda, pleadings, and similar documents filed in other cases are not relevant to any claim or defense in this action. Fed. R. Civ. P. 26(b)(1). MCC also cites Fed. R. Civ. P. 26(b)(2)(C), which at sub-paragraph (iii) authorizes a court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." This is colloquially known as "the rule of proportionality."

In its Motion to Compel, Capitol argues, among other things, that "MCC's relevance objection is misplaced because the requested documents are directly related to Capitol's judicial estoppel defense. *See* Doc. 25, Eighth Affirmative Defense." Capitol's argument is without merit. In Capitol's Amended Answer (Doc. 25), Capitol asserts as its Eighth Affirmative Defense (entitled "Waiver and Estoppel"):

> Plaintiff's claims are barred or are limited to the extent that waiver or estoppel applies. For example, but without limitation, Plaintiff waived its right to seek a different apportionment of coverage and liability when Plaintiff agreed to a settlement that assigned $900,000 in coverage to Plaintiff and $1,100,000 in coverage to Capitol. Because it agreed to such apportionment and paid the $900,000, Plaintiff should now be estopped from arguing that the apportionment was unfair or inequitable.

Whether this defense is factually supportable or legally correct is not currently before the Court. Thus, no opinions are expressed on those issues. Capitol's request for the production of MCC's legal memoranda, pleadings, and similar documents filed in other cases (not the Underlying Action), however, have no logical or legal relevance either to Capitol's Eight Affirmative

OPINION AND ORDER, Page 5

Defense or to any other issue in this case. Capitol likely would have the right to discover all documents filed by MCC (or its insured) in the Underlying Action, but that is not what Capitol is seeking in its Second Request for Production.

As Capitol explains in its memorandum in support of its Motion to Compel, "[o]ne of the most important questions in this case is whether the costs to remove and replace A&T's allegedly defective siding work is covered under either MCC's or Capitol's policy." Capitol then asserts:

> If MCC has previously argued, consistent with its own interest in other cases, that "tear-off" costs are <u>not covered</u>, then MCC should be estopped from now arguing that those costs <u>are covered.</u> *See., e.g., Shilo Inn, Seaside Ocean Front, LLC v. Grant and Maryland Casualty Company,* 08-CV-618-BR, 2009 WL 2611217 (D. Or. 2009) (granting summary judgment to MCC in construction defect coverage action upon basis that the "damages awarded to Shilo against Grant were not covered or were excluded under the insurance policy Maryland Casualty issued to Grant"). Thus, MCC's prior briefs on the same coverage issues disputed in this case are plainly relevant.

(Emphasis in original.) The Court first observes that the decision in *Shilo Inn* has nothing to do with "tear-off" costs and has nothing to say about the doctrine of judicial estoppel. Indeed, *Shilo Inn* appears to have no relevance to the pending dispute; it is simply an example of a case in which MCC won summary judgment in another case involving different parties and with issues and grounds unrelated to the pending dispute.

Capitol misunderstands the doctrine of judicial estoppel. As explained in BLACK'S LAW DICTIONARY, "judicial estoppel" is an "[e]stoppel that prevents a party from contradicting previous declarations made during the same or an earlier proceeding if the change in position would adversely affect the proceeding or constitute a fraud on the court." BLACK'S LAW DICTIONARY 631 (9th ed. 2009); *see also Eagle Foundation, Inc. v. Dole,* 813 F.2d 798, 810 (7th

OPINION AND ORDER, Page 6

Cir. 1987 ("The principle [of judicial estoppel] is that if you prevail in Suit # 1 by representing that A is true, you are stuck with A in all later litigation *growing out of the same events*.") (emphasis added). In addition, as the Ninth Circuit explained, judicial estoppel considers, among other things, whether "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 121 S.Ct. 1808, 1815 (2001)) (additional citation omitted). In *Hamilton,* the plaintiff failed to list his claims against State Farm as assets on his bankruptcy schedule, but then later sued State Farm on the same claims. Based on this, Hamilton was precluded under the doctrine of judicial estoppel "from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings." *Hamilton,* 270 F.3d at 784.

Because Capitol's Second Request for Production nos. 1-13 seek only documents filed in court by MCC in lawsuits that do not involve the specific events involving A&T that are the subject of this case, those requests seek documents that are irrelevant. In addition, Capitol does not provide any argument concerning its request nos. 14 and 15. Accordingly, the Court assumes that those two requests are not at issue in Capitol's motion. For these reasons, Capitol's Motion to Compel production in response to Capitol's Second Request for Production is DENIED.

C.     **Capitol's Requests for Admission, Nos. 1, 3, 21, 24, 27, and 33**

In Capitol's First Set of Requests for Admission, Capitol asks MCC to admit that certain attached documents are genuine. Capitol's request nos. 1, 3, 21, 24, 27, and 33 are all of that form. Rather than admit or deny that the attached documents are genuine, MCC interposes frivolous and improper objections, such as "hearsay" and that MCC "cannot admit the truth of

any assertion set forth" in the attached document. MCC also interposes the frivolous and improper response that "the referenced documents have not been properly authenticated."

One of the principal purposes of a request for admission under the Federal Rules of Civil Procedure is to determine whether an opposing party will admit, for the purposes of the pending action only, "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(B). Such an admission does not admit the truth of any matter asserted within that document; nor does such an admission waive a party's objection to the admissibility of the document on the basis that it contains inadmissible hearsay. An admission of "genuineness" simply serves to relieve the requesting party from the burden of otherwise authenticating the document whose genuineness is the subject of the request and not reasonably in dispute. This rule is intended "to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.,* 669 F.2d 1242, 1245 (9th Cir. 1981); *see generally* FEDERAL CIVIL LITIGATION IN OREGON (OSB 2009) at § 17.31.

MCC's responses are insufficient and contain irrelevant material. The Court has reviewed the specific requests for admission and finds them unobjectionable. Accordingly, Capitol's motion to determine the sufficiency of MCC's answers is GRANTED. MCC must make a "reasonable inquiry" using information that "it knows or can readily obtain," Fed. R. Civ. P. 36(a)(4), then then either "admit" or "deny" the requested matters within 14 days of the date of this Order. If MCC fails to do so, those matters will be deemed admitted.

**D.      Capitol's First Set of Interrogatories, Nos. 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 16, and 17**

Capitol asserts that MCC's responses to 12 of Capitol's interrogatories contained in Capitol's First Set of Interrogatories are insufficient. MCC has interposed an objection to

several of Capitol's interrogatories based on LR 33-1(d), which provides: "Broad general interrogatories, such as those which ask an opposing party to 'state all facts on which a contention is based' or to 'apply law to facts,' are not permitted." MCC also objects that some of Capitol's interrogatories are irrelevant. In its memorandum in support of its Motion to Compel, Capitol refers to Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"). The Court has reviewed Capitol's First Set of Interrogatories and MCC's responses and supplemental responses and rules as follows:

1. <u>Interrogatory No. 2</u>

Motion Denied. MCC's response is sufficient.

2. <u>Interrogatory No. 4</u>

Motion Granted.

3. <u>Interrogatory No. 5</u>

Motion Granted.

4. <u>Interrogatory No. 7</u>

Motion Granted.

5. <u>Interrogatory No. 8</u>

Motion Granted.

6. <u>Interrogatory No. 9</u>

Motion Denied. MCC's response is sufficient. The Court also notes that in Capitol's memorandum in support of its Motion to Compel, at page 8, Capitol quotes from the text of interrogatory number 10 and erroneously labels it "Interrogatory No. 9." As set forth in the

OPINION AND ORDER, Page 9

Declaration of Brian C. Hickman in Support of Motion to Compel ("Hickman Decl."), Ex. 5 at page 4 and Ex. 6 at page 4, Interrogatory No. 9 states: "Please identify and describe any benefit incurring to Capitol as a result of The Settlement and/or The Settlement Payment." MCC's response and supplemental response to that interrogatory are sufficient. Interrogatory No. 10, however, which Capitol erroneously calls "Interrogatory No. 9" in Capitol's memorandum, asks MCC to identify "all locations at The Project where you believe 'property damage' attributable to A&T Siding occurring during The Policy Period." Here, MCC's response and supplemental response are insufficient.

    7.    <u>Interrogatory No. 10</u>

Motion Granted.

    8.    <u>Interrogatory No. 11</u>

Motion Granted.

    9.    <u>Interrogatory No. 12</u>

Motion Granted.

    10.    <u>Interrogatory No. 14</u>

Motion Granted.

    11.    <u>Interrogatory No. 16</u>

Motion Granted.

    12.    <u>Interrogatory No. 17</u>

Motion Granted.

In summary, Capitol's Motion to Compel responses to Capitol's First Set of Interrogatories is GRANTED with regard to Interrogatory Nos. 4, 5, 7, 8, 10, 11, 12, 14, 16, and

17, and DENIED with regard to Interrogatory Nos. 2 and 9.  MCC shall provide sufficient responses within 14 days of the date of this Order.

**E.      Capitol's Second Set of Interrogatories**

Capitol asserts that MCC's responses to all eight of Capitol's interrogatories contained in Capitol's Second Set of Interrogatories are insufficient.  MCC has interposed an objection to each interrogatory based on LR 33-1(d), which provides:  "Broad general interrogatories, such as those which ask an opposing party to 'state all facts on which a contention is based' or to 'apply law to facts,' are not permitted."  MCC also objects to that each interrogatory is "unduly broad and overly burdensome," although MCC offers no details or specifics in support of that objection.  MCC also objects to several interrogatories as irrelevant or calling for speculation.  The Court has reviewed Capitol's Second Set of Interrogatories and MCC's responses and rules as follows:

   1.      <u>Interrogatory No. 18</u>

   Motion Granted.

   2.      <u>Interrogatory No. 19</u>

   Motion Denied.

   3.      <u>Interrogatory No. 20</u>

   Motion Granted.

   4.      <u>Interrogatory No. 21</u>

   Motion Granted.

   5.      <u>Interrogatory No. 22</u>

   Motion Denied.

OPINION AND ORDER, Page 11

      6.      <u>Interrogatory No. 23</u>

Motion Denied.  (*See* discussion above regarding the Court's denial of Capitol's Motion to Compel Capitol's Second Request for Production.)

      7.      <u>Interrogatory No. 24</u>

Motion Denied.

      8.      <u>Interrogatory No. 25</u>

Motion Denied.

In summary, Capitol's Motion to Compel responses to Capitol's Second Set of Interrogatories is GRANTED with regard to Interrogatory Nos. 18, 20, and 21, and DENIED with regard to Interrogatory Nos. 19, 22, 23, 24, and 25.  MCC shall provide sufficient responses within 14 days of the date of this Order.

**F.**    **Capitol's Request for Attorney Fees**

Capitol has moved for its attorney fees under Fed. R. Civ. P. 37(a)(5)(A).  That rule provides that if a discovery motion is granted, the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  One exception to this rule, however, is if "the opposing party's nondisclosure, response, or objection was substantially justified."  Based upon the Court's rulings above, in which the Court granted several of Capitol's motions but denied others, the Court finds that an award of attorney fees would be inappropriate.  Some of MCC's responses or objections were substantially justified, and others were not.

### III. CONCLUSION

Defendant's Motion to Compel (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**, and Defendant's request for attorney fees is **DENIED**.  Within 14 days from the date of this Order, MCC shall provide to Capitol:  (1) a privilege log; (2) a separate and unequivocal admission or denial to Capitol's Requests for Admission nos. 1, 3, 21, 24, 27, and 33; (3) sufficient responses to Capitol's First Set of Interrogatories nos. 4, 5, 7, 8, 10, 11, 12, 14, 16, and 17; and (4) sufficient responses to Capitol's Second Set of Interrogatories, Nos. 18, 20, and 21.

DATED this 17th day of October, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge